The WRITER CORPORATION,
Plaintiff-Appellee,

v.

The COLORADO DEPARTMENT OF HIGHWAYS, Joseph Dolan, Executive Director; and Richard Brasher, District 6 Engineer for the Colorado Department of Highways, Defendants-Appellants.

No. 85CA0411.

Colorado Court of Appeals,
Div. III.

Aug. 21, 1986.

Rehearing Denied Oct. 2, 1986.

Certiorari Denied (Writer) March 9, 1987.

Loser, Fitzgerald, Magoon & Davies, P.C., Diane B. Davies, Ronald S. Loser, Englewood, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mark E. May, Lynn Obernyer, Asst. Attys. Gen., Denver, for defendants-appellants.

BABCOCK, Judge.

In this action under the Administrative Procedure Act (APA) for judicial review of agency action, defendants, Colorado Department of Highways (the Department), Joseph Dolan, and Richard Brasher, appeal the judgment which remanded the case to the Department for an administrative hearing. We reverse.

In the mid–1970's, the Department, in conjunction with the Federal Highway Administration, began planning and design work on the Centennial Parkway, which included construction of C–470 as well as improvements to portions of County Line Road. Plaintiff, The Writer Corp. (Writer), owned real estate along County Line Road which was situated in the area targeted for improvement.

During the course of the administrative planning and design process, which included public hearings and the issuance of environmental impact statements, a decision was made by the Department to construct a noise barrier fence along certain developed sections of County Line Road, excluding the area in front of Writer's Willow Creek filing number 10. Neither the record nor the briefs reflect whether, at the time of the decision, there were any improvements on Writer's land. However, at the time of the public design hearing in August 1980, Writer had installed curbs, sidewalks, gutters, sewers, and water mains in the subdivision, and by the time parkway construction was completed in front of Writer's subdivision in 1982, single family residences had been completed which abutted County Line Road in an area where no noise barrier fence was constructed.

In January 1983, Writer petitioned the Department to extend the noise barrier fence to include Willow Creek filing no. 10. Subsequently, at a meeting between the parties, Writer agreed to construct a noise barrier fence at its own expense initially, and the Department agreed to provide administrative assistance relative to construction of the fence. The issue whether Writer would ultimately be reimbursed for the cost of the fence was not decided at the meeting. Writer then constructed the fence and demanded payment from the Department or, in the alternative, an administrative hearing. The Department denied both demands, and Writer brought this action.

Writer's complaint alleged that the Department had violated federal law in failing to install a sound barrier fence in front of the subdivision. The Department responded to the complaint with a C.R.C.P. 12(b)(1) and 12(b)(5) motion to dismiss. The trial court permitted Writer to amend its complaint to request a hearing and ruled that the Department's motion to dismiss was premature. Writer then filed its amended complaint alleging that the information contained in the Department's notice of the 1980 public design hearing was "inaccurate, misleading and misrepresented the social, economic and environmental effects of the project...." The Department's answer reasserted that Writer had failed to state a claim upon which relief could be granted, and prayed for dismissal. At a subsequent hearing, the trial court concluded that the Department's refusal to grant Writer a hearing was a violation of due process, and entered judgment remanding the case to the Department for a hearing. Writer's other claim was dismissed without prejudice.

The Department contends that the trial court erred in remanding the case for a hearing. Under the circumstances of this case, we agree.

The gravamen of Writer's dispute with the Department is that the Department's decision not to extend the noise barrier fence along the area in question was a violation of Federal Highway Administration regulations. Its argument is that the

land was "developed" within the meaning of the regulations at the time the improvements were planned and designed, and thus, the land qualified for noise abatement. *See* 23 C.F.R. §§ 772.9 and 772.11 (1978). However, the trial court did not rule on this issue. Instead, it dismissed this claim without prejudice and entered judgment in favor of Writer on its amended complaint requesting an administrative hearing on the issue of defective notice by the Department of the 1980 public design hearing.

Writer's amended complaint alleged only that the notice contained inaccurate and misleading information. The complaint did not allege that the Department had failed to follow the regulations for public hearing procedures contained in 23 C.F.R. § 790.7 (1985). *See Citizen Advocates for Responsible Expansion, Inc. v. Dole,* 770 F.2d 423 (5th Cir.1985). Moreover, on appeal Writer does not assert that it had no knowledge of the hearing, nor does it deny the Department's allegation that it had a representative attend the design hearing.

Notice of a public hearing is sufficient if the provisions of 23 C.F.R. § 790.-7(a) are complied with and if the notice is sufficiently specific to put the public on notice of: (1) the project's general bounds, and (2) the agency's method of achieving the aims of the project. *See Citizen Advocates for Responsible Expansion, Inc. v. Dole, supra.* Compliance with federal noise level standards is one of the subjects to be covered at a public highway design hearing. *See* 23 C.F.R. § 790.3(b) & (c)(6) (1985). Once the requirements for notice of public hearing are met, interested persons are not justified in failing to attend the hearing simply because they conclude from the form of the notice that they will not be heard on a point. *See Linnecke v. Department of Highways,* 76 Nev. 26, 348 P.2d 235 (1960).

Here, Writer claims that it was misled by information supplied with the notice into believing that there would be no noise problem from the improvements to County Line Road. However, the Department's statements in the Environmental Impact Statement attached to the notice were not a final determination of the design features of the proposed improvements. Rather, these statements were a proper subject of the 1980 public design hearing. Therefore, Writer had no right to rely on the Environmental Impact Statement alone, and, as an interested landowner, was responsible for informing itself of the design of the proposed highway by actively participating in the public hearing. Had it done so, it would have realized that a noise barrier fence was planned, but was not intended to extend in front of its Willow Creek filing no. 10.

Therefore, under the circumstances of this case, we hold that the notice was sufficient because noise was specified as a subject within the general bounds of the project. Consequently, the trial court erred in ordering that a hearing on the adequacy of the notice be held.

Our holding makes it unnecessary to address defendants' other issues on appeal.

The judgment is reversed, and the cause is remanded with instructions to dismiss with prejudice Writer's claim for relief premised upon the alleged inadequacy of the notice of the 1980 hearing.

VAN CISE and KELLY, JJ., concur.